**Michael SHAPIRO, Appellant,**

v.

**Ewing KAUFFMAN, Avron Fogelman, Marion Laboratories, Inc., Kansas City Royals Baseball Corp., Appellees.**

No. 87–1810.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1988.

Decided Sept. 1, 1988.

Steven Kramer, New York City, for appellant.

Michael E. Waldeck, Kansas City, Mo., for appellees.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

This controversy arises from negotiations and a letter agreement between Michael Shapiro and Ewing Kauffman for the sale of an interest in the Kansas City Royals Baseball Corporation. The transaction did not close on the agreed date, and Kauffman subsequently entered into an agreement of sale with defendant Avron Fogelman. Shapiro brought an action against both Kauffman and Fogelman, along with the other named defendants, alleging breach of contract and covenant of fair dealing; intentional interference with contractual relations; common law and securities fraud; and unjust enrichment.

After a jury trial in which the defendants prevailed, plaintiff moved for a new trial, alleging that the trial court [1] erred in (1) failing to grant a change of venue; (2) exhibiting bias toward plaintiff; (3) failing to submit plaintiff's interference with contract claim to the jury; (4) failing to submit plaintiff's good faith and fair dealing claim to the jury; and (5) directing verdicts on the federal securities fraud and state common law fraud claims. The motion for a new trial was denied. On appeal, plaintiff renews the assertions made in support of his new trial motion. We affirm.

On the morning of the first day of trial, before the jury was empaneled, plaintiff's counsel presented the court with a public opinion survey of attitudes held by the local population toward the Royals and Kauffman, and proffered expert testimony to the effect that the results showed plaintiff could not receive a fair trial in Kansas City. The survey purportedly showed that seventy-nine per cent of the local population had a favorable attitude toward Kauffman, and over ninety per cent had a high

---

**1.** The Honorable Scott O. Wright, Chief Judge, United States District Court, Western District of Missouri.

opinion of the Royals. Sixty-one per cent allegedly responded that they would not award damages against Kauffman or the Royals even if a breach of contract were proven. Shapiro contended that these results entitled him to a change of venue.

The grant or denial of a change of venue may not be set aside absent a clear showing of abuse of discretion. *Hubbard v. White,* 755 F.2d 692, 694 (8th Cir.), *cert. denied,* 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985). The burden of showing partiality on the part of jurors is upon the challenger. To meet this burden, he must show that particular jurors actually hold opinions raising a presumption of partiality. *Irvin v. Dowd,* 366 U.S. 717, 723, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961).

The public opinion survey was never formally introduced into evidence. The district court reasoned that had it been introduced, the result would have been the same. Public opinion polls introduced with the purpose of demonstrating jury bias have found little favor with the courts. *See United States v. Haldeman,* 559 F.2d 31, 64 n. 43 (D.C.Cir.1976) (public opinion poll results open to a variety of errors), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *accord, United States v. Chagra,* 669 F.2d 241, 252 (5th Cir.), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982); *see also United States v. Mandel,* 431 F.Supp. 90, 100–01 (D.Md. 1977) (public opinion poll no substitute for voir dire examination); *United States v. Means,* 409 F.Supp. 115, 116–17 (D.N.D. 1976) (fair trial may be had in spite of local prejudice revealed through opinion poll).

In this case, the trial judge asked each juror individually whether he or she knew or had heard anything that would cause that juror to be unable to give both sides a fair trial. The jurors were questioned about their knowledge of and association with any of the defendants or affiliated organizations. Jurors who had knowledge of the case or association with defendants were questioned separately. The court also asked venire members who had heard of the lawsuit to identify themselves. Before the close of voir dire, the judge inquired whether counsel wished any other questions asked. In response to a request by plaintiff's attorney, the judge queried whether any of the members of the jury panel would be unable to give a fair trial because of positive feelings or experiences in connection with the parties. We agree with the district court that the voir dire produced no evidence of actual prejudice. Since appellant has pointed to no other evidence sufficient to support a clear finding of abuse of discretion by the district court, we affirm the denial of a change of venue.[2]

We have considered appellant's remaining claims and conclude that they are without merit. Finding no error of fact or law with respect to those claims, we affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir. Rule 14.

**2.** Appellees' motion to strike a portion of appellant's appendix is moot and therefore is dismissed.